FILED BY ____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 JUL 13 PM 3: 05

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

```
                              Х
JEROME MILLER,                Х
                              Х
        Plaintiff,            Х
                              Х
vs.                           Х    No. 05-2312-Ma/P
                              Х
FEDERAL EXPRESS CORPORATION,  Х
et al.,                       Х
                              Х
        Defendants.           Х
                              Х
```

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

Plaintiff Jerome Miller filed a pro se complaint that asserted claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and for malicious harassment in violation of Tenn. Code Ann. § 4-21-701 on April 28, 2005, along with an application seeking leave to proceed in forma pauperis. Based on the information set forth in the plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the defendants as Federal Express Corporation, Craig Vogelsang, and Chris Marchlewski.

The plaintiff has filed a motion seeking appointment of counsel. Two statutes authorize the district court to request or

appoint counsel for an indigent Title VII plaintiff. Twenty-eight
U.S.C. § 1915(d) provides that the "court may request an attorney
to represent any such person unable to employ counsel."[1] Similarly,
under 42 U.S.C. § 2000e-5(f)(1), "upon application by the
complainant and in such circumstances as the court may deem just,
the court may appoint an attorney." However, "[t]here is no
constitutional or . . . statutory right to counsel in federal civil
cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993).
Generally, a court will only appoint counsel in exceptional
circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn.
1977). Although "no comprehensive definition of exceptional
circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th
Cir. 1982), courts resolve this issue through a fact-specific
inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.
1986). Examining the pleadings and documents in the file, the Court
analyzes the merits of the claims, the complexity of the case, the
pro se litigant's prior efforts to retain counsel, and his ability
to present the claims. Henry v. City of Detroit Manpower Dep't, 763
F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663,
668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil
cases only if a litigant has made "a threshold showing of some

---

[1]    However, "§ 1915(d) does not authorize the federal courts to make
coercive appointments of counsel" to represent indigent civil litigants. Mallard
v. United States Dist. Court, 490 U.S. 296, 310 (1989).

likelihood of merit." <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170, 174 (2d Cir. 1989).[2] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel. Accordingly, the motion for appointment of counsel is DENIED.

The Court is required to screen <u>in forma pauperis</u> complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)      is frivolous or malicious;

(ii)      fails to state a claim on which relief may be granted; or

(iii)      seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Certain aspects of plaintiff's complaint are subject to dismissal.

As a preliminary matter, there is no remedy under Title VII against a co-worker or supervisor in his or her individual capacity. <u>Wathen v. General Electric Co.</u>, 115 F.3d 400, 405 (6th Cir. 1997). Accordingly, to the extent the complaint purports to

---

[2]      The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." <u>Id.</u>

assert a Title VII claim against defendants Vogelsang and Marchlewski, it is DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

The complaint contains no factual allegations concerning defendants Vogelsang and Marchlewski. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985). Accordingly, the Court DISMISSES the complaint in its entirety with respect to defendants Vogelsang and Marchlewski, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

It is ORDERED that the Clerk shall issue process for the remaining defendant, Federal Express Corporation, and deliver said process to the marshal for service. A copy of this order shall be served on the defendant along with the summons and complaint. Service shall be made on the defendant pursuant to Fed. R. Civ. P. 4(h)(1). All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if it has no attorney. The plaintiff shall make a certificate of service on every document

filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this ___13 th___ day of July, 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in
case 2:05-CV-02312 was distributed by fax, mail, or direct printing on
July 14, 2005 to the parties listed.

---

Jerome Miller
3071 DeWitt Cove
Memphis, TN 38118

Honorable Samuel Mays
US DISTRICT COURT